| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**05-CV-201**<br>Date of Filing:<br>09/07/2012 | ELECTRONICALLY FILED<br>9/7/2012 1:42 PM<br>CV-2012-901169.00<br>CIRCUIT COURT OF<br>BALDWIN COUNTY, ALABAMA<br>JODY WISE CAMPBELL, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA
### JOHN SALTER v. GREEN TREE SERVICING LLC

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM DISTRICT COURT**   O ☐ **OTHER**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   RYA009   9/7/2012 1:41:02 PM   /s/ Mark D. Ryan

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided



EXHIBIT
A



ELECTRONICALLY FILED
9/7/2012 1:42 PM
CV-2012-901169.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT FOR BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOHN SALTER,** | * | |
| **Plaintiff,** | * | |
| | * | **Civil Action No.:** _____ |
| **v.** | * | |
| **GREEN TREE SERVICING, LLC;** | * | **JURY TRIAL DEMANDED** |
| and Fictitious Defendants "A", "B", "C", | | |
| "D", "E", and "F" whether singular or plural, | * | |
| are those other individuals, corporations, or | | |
| entities whose wrongful conduct caused or | * | |
| contributed to cause the injuries and damages | | |
| to Plaintiff, all of whose true and correct | * | |
| names are unknown to Plaintiff at this time | | |
| but will be substituted by amendment | * | |
| when ascertained, | | |
| | * | |
| **Defendants.** | | |
| | * | |

### COMPLAINT

Plaintiff JOHN SALTER brings this action for actual and statutory damages, attorneys' fees, and costs for Defendant Green Tree Servicing, LLC's ("Green Tree") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for Defendant Green Tree's violations of Alabama's common laws as set forth herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Defendants, as they do or have done business in the State of Alabama and Baldwin County.

2. Defendants' wrongful activities were directed by or on their behalf in this jurisdiction, Plaintiff's rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

3.     The amount in controversy for this matter exceeds the jurisdictional threshold of $10,000, exclusive of interest and costs.

## PARTIES

4.     Plaintiff John Salter ("John Salter") is an adult resident of Baldwin County, Alabama.  John Salter currently resides at 13235 Gandy Road, Bay Minette, Alabama 36507-8127.

5.     Green Tree Servicing, LLC (hereinafter "Green Tree") is a Delaware corporation with its principal office located in St. Paul, Minnesota.  Green Tree has conducted business in Baldwin County, Alabama during the time period pertinent to the allegations in this Complaint. Upon information and belief, Green Tree is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Fictitious Defendants "A", "B", "C", "D", "E", and "F" are those individuals, corporations, or entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff.  The identity of the Fictitious Defendants is unknown to Plaintiff at this time; however, if the Fictitious Defendants' names are known to the Plaintiff at this time, their identity as proper party Defendants is not known at this time.  The true names of the Fictitious Defendants will be substituted by amendment to the Complaint when the aforesaid lacking knowledge is ascertained.

## FACTUAL ALLEGATIONS

7.     On or about March 19, 1999, Plaintiff John T. Salter entered into an Installment Contract with Southern Lifestyle MFG HSG, Inc., for the purchase of a 1999 Fleetwood Sunpointe Manufactured Home with Vehicle Identification Number FLFLX70A27109ST21 (hereinafter "the mobile home").

2

8.      The face of the contract assigned it to Green Tree Financial Corp – Alabama.

9.      On or about November 3, 1999 Green Tree Financial Corp. – Alabama changed its name to Conseco Finance Corp. – Alabama (hereinafter "Conseco").

10.     On or about March 29, 2001, Conseco filed Baldwin County CV 2001 – 331 against Plaintiff John T. Salter for breach of the Installment Contract for the mobile home and seeking recovery of the collateral and a monetary judgment in the amount of $59,033.29.

11.     That Complaint lists John T. Salter's address as "16185 Tolbert Rd., Bay Minette, AL 36507." Plaintiff John Salter has never lived at this address.

12.     On its face the Complaint states, "[John T. Salter] defaulted in making payments due on the contract."

13.     On or about March 23, 2003, Conseco filed a Suggestion of Bankruptcy in CV 2001 – 331 that detailed their filing for protection under Chapter 11 in the Northern District of Illinois, Eastern Division, which was case number 03-04700.

14.     As part of that filing, Conseco lists as a subsidiary entity "Conseco Finance Corp.-Alabama."

15.     On February 20, 2004 Conseco filed a Motion to Dissolve Preliminary Injunction, Notice of Claims Bar and Order Barring John T. Salter's Claims and Motion to Dismiss.

16.     To that motion, Conseco attached several documents related to its bankruptcy, one of which was the U.S. Bankruptcy Judge's order approving the sale of certain assets of Conseco Finance Corp.-Alabama, including the Installment Contracts held in Conseco's name.

17.     The buyer of those assets was CFN Investment Holdings, LLC—that company is not a sibling, subsidiary, or parent corporation of Green Tree.

3

18.     Based on that motion, on or about April 20, 2004, Judge Charles C. Partin issued an Order that "dismissed [CV 2001 – 331] because the underlying claim was discharged in bankruptcy."

19.     On or about February 15, 2012, and February 28, 2012 Plaintiff John Salter received identical letters from Green Tree in reference to account number 78311376.

20.     On or about March 6, 2012, on its letterhead, the undersigned law firm for Plaintiff John Salter sent Green Tree a letter referencing Account Number 78311376 and stating simply, "In reference to the above matter and your letters of February 28, 2012 and February 15, 2012, please be advised that John T. Salter is not liable or responsible for this indebtedness. Please discontinue any further collection activity, including written or telephonic communications.  Further, please remove Mr. Salter from your database."  See Exhibit A.

21.     Nevertheless, on or about July 31, 2012, Green Tree sent Plaintiff John Salter another letter identical to those it sent on February 15, 2012 and February 28, 2012.  See Exhibit B.

22.     All three letters reference a debt amount of $37,287.99.

23.     All three letters were sent to 13235 Gandy Road, Bay Minette, AL 36507, John Salter's address.

24.     All three letters state unequivocally: "This communication is from a debt collector."

25.     Green Tree made multiple harassing phone calls per day to Plaintiff John Salter to the point he had his telephone number changed, which cost him Thirty-Six and 00/100 ($36.00) Dollars.

## COUNT ONE – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY GREEN TREE SERVICING, LLC

26.     Plaintiff hereby adopts and realleges paragraphs 1 through 25 as if the same were set forth fully herein.

27.     Defendant Green Tree has engaged in collection activities and practices in violation of the FDCPA with respect to the alleged consumer debt, including, but not limited to, § 1692c, e, and g.

28.     Defendant Green Tree violated § 1692c by contacting Plaintiff John Salter when it knew he was represented by an attorney with respect to such debt;

29.     Defendant Green Tree violated § 1692c by sending communication to John Salter after his attorney sent them a letter directing them to cease communication;

30.     Defendant Green Tree violated § 1692d by sending communication to John Salter by causing his telephone to ring repeatedly;

31.     Defendant Green Tree violated § 1692e by falsely representing to Plaintiff John Salter the character, amount or legal status of the debt;

32.     Defendant Green Tree violated § 1692f by failing to have an attorney review the letters it propounded to Plaintiff John Salter;

33.     Defendant Green Tree has also failed to provide proper validation of the alleged debt as required by § 1692g.

34.     As a proximate result of Defendant Santander's actions, Plaintiff was caused to suffer harm, including mental anguish, physical anguish, inconvenience, chagrin, and embarrassment, loss of sleep, illness, weakness, fear, fright, frustration, and intimidation.

5

WHEREFORE, the premises considered, Plaintiff is entitled to an award of statutory damages, costs, attorneys' fees, and actual damages for Defendant Green Tree's violations of the FDCPA.

## COUNT TWO – NEGLIGENCE AND WANTONNESS

35.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 34 as if the same were set forth fully herein.

36.     Defendants knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed and visited upon John Salter.

37.     Defendants knew or should have known that said conduct was improper.

38.     Defendants negligently and/or wantonly failed to prevent and/or participated in the improper collection activities.

39.     As a proximate result of Defendants' actions, Plaintiff was caused to suffer harm, including mental anguish, physical anguish, inconvenience, chagrin, embarrassment, loss of sleep, illness, weakness, fear, fright, frustration, and intimidation.

WHEREFORE, the premises considered, Plaintiff demands judgment for compensatory and punitive damages against Green Tree in an amount in excess of the jurisdictional limits of this Court, plus interest, costs and such further, other and different relief as this Court may grant.


## COUNT THREE – INVASION OF PRIVACY

40.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 39 as if the same were set forth fully herein.

41.     Defendants undertook a series of letters to Plaintiff constituting an invasion of his right to privacy.

42.     The aforementioned communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiff's right to privacy.

43.     Defendants made the subject communications to threaten, force, coerce, harass, frighten, embarrass, and humiliate Plaintiff into paying the alleged debt.

44.     The subject communications constitute an unwarranted and wrongful intrusion into Plaintiff's private activities as well as an intentional intrusion into the Plaintiff's solitude and seclusion.

45.     As a proximate result of Defendants' actions, Plaintiff suffered a wrongful intrusion into his private activities and suffered harm, including mental anguish, physical anguish, inconvenience, chagrin, embarrassment, loss of sleep, illness, weakness, fear, fright, frustration, and intimidation.

WHEREFORE, the premises considered, Plaintiff demands judgment for compensatory and punitive damages against Green Tree, in an amount in excess of the jurisdictional limits of this Court, plus interest, costs and such further, other and different relief as this Court may grant.

## COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 45 as if the same were set forth fully herein.

47.     As a proximate result of the invasion of Plaintiff's right to privacy and as a result of the use of threats and coercion, Defendants' actions constitute an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and cause great mental and physical pain and damage.

48.     As a proximate result of Defendants' actions, Plaintiff was caused to suffer harm, including mental anguish, physical anguish, inconvenience, chagrin, embarrassment, loss of sleep, illness, weakness, fear, fright, frustration, and intimidation.

WHEREFORE, the premises considered, Plaintiff demands judgment for compensatory and punitive damages against Green Tree, in an amount in excess of the jurisdictional limits of this Court, plus interest, costs and such further, other and different relief as this Court may grant.

## COUNT FIVE – NEGLIGENT AND/OR RECKLESS TRAINING, SUPERVISION, AND RETENTION

49.     Plaintiff hereby adopts and re-alleges paragraphs 1 through 48 as if the same were set forth fully herein.

50.     As a proximate result of the Defendants' negligence and wantonness, invasion of privacy, and intentional infliction of emotional distress, Defendants' actions and/or omissions constitute a negligent and/or reckless training, supervision, and retention of the personnel hired for the purpose of managing and/or collecting upon the alleged debt.

51.     Defendants had notice or knowledge, either actual or presumed, of their servants', agents', and/or employees' incompetency or unfitness; further, the specific acts of incompetency were of such nature, character, and frequency that Defendants, in the exercise of due care, must have had notice of such actions and/or omissions.

52.     As a proximate result of Defendants' actions, Plaintiff was caused to suffer harm, including mental anguish, physical anguish, inconvenience, chagrin, embarrassment, loss of sleep, illness, weakness, fear, fright, frustration, and intimidation.

WHEREFORE, the premises considered, Plaintiff demands judgment for compensatory and punitive damages against Green Tree, in an amount in excess of the jurisdictional limits of this Court, plus interest, costs and such further, other and different relief as this Court may grant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the foregoing averments considered, Plaintiff demands judgment against the Defendants as follows:

(A)     Declaratory judgment that Defendant Green Tree's conduct violated the FDCPA;

(B)     Actual damages of Thirty-Six Dollars ($36.00) from Defendant Green Tree for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(C)     Statutory damages of One Thousand Dollars ($1,000.00) from Defendant Green Tree for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(D)     Costs and reasonable attorneys' fees from Defendant Green Tree for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(E)     Compensatory damages of Six Thousand Dollars ($6,000.00) from Defendant Green Tree for mental anguish and mental distress on Plaintiff's state law claims for negligence and wantonness, invasion of privacy, intentional infliction of emotional distress, and negligent and/or reckless training, supervision, and retention; and

(F)     Punitive damages of Thirty Thousand Dollars ($30,000.00) from Defendant Green Tree for Plaintiff's state law claims for negligence and wantonness, invasion of privacy, intentional infliction of emotional distress, and negligent and/or reckless training, supervision, and retention; and

(G)     Such other relief that this Court deems just and proper.

9

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by struck jury of all issues in this Complaint triable to a jury.

Respectfully submitted,

MARK D. RYAN, P.C.

*s/ A. Shane Weldon*
MARK D. RYAN (RYA009)
A. SHANE WELDON (WEL045)
Attorneys for Plaintiff
Post Office Box 1000
Bay Minette, Alabama 36507
mdrcourt@mryanlaw.com (for court notices only)
(251) 580-0500

**PLEASE SERVE AMENDED DEFENDANT VIA CERTIFIED MAIL:**

**Green Tree Servicing LLC**
c/o C T Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

*/s/ A. Shane Weldon*
OF COUNSEL

10



ELECTRONICALLY FILED
9/7/2012 1:42 PM
CV-2012-901169.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT FOR BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOHN SALTER,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No.:** _____ |
| **GREEN TREE SERVICING, LLC;** | * | |
| and Fictitious Defendants "A", "B", "C", | | |
| "D", "E", and "F" whether singular or plural, | * | |
| are those other individuals, corporations, or | | |
| entities whose wrongful conduct caused or | * | |
| contributed to cause the injuries and damages | | |
| to Plaintiff, all of whose true and correct | * | |
| names are unknown to Plaintiff at this time | | |
| but will be substituted by amendment | * | |
| when ascertained, | | |
| | * | |
| **Defendants.** | | |
| | * | |

### FIRST INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GREEN TREE SERVICING LLC

COMES NOW the Plaintiff, JOHN SALTER, by and through undersigned counsel, pursuant to Rules 33 and 34 of the *Alabama Rules of Civil Procedure*, and propound to the Defendant, GREEN TREE SERVICING LLC, the following interrogatories, requests for admissions, and requests for production to be answered within the time allowed by law.

In answering these interrogatories, requests for admissions, and request for production, you are required to furnish all information available to you, including information in the possession of your attorney, of any person acting on your or his behalf, and not merely such information known of your own personal knowledge. If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information

sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that under the provisions of 26(e) of the Alabama Rules of Civil Procedure, you are under a duty to reasonably supplement your response with respect to any questions directly addressed to the identity and location of persons having knowledge of discoverable matter, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which you know that the prior response was incorrect when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiffs within fifteen (15) days after receipt of such information.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories and Request for Production of Documents:

"Plaintiff" shall mean the Plaintiff, JOHN SALTER, and each of his attorneys, agents, representatives, and/or all other persons or entities acting on his behalf relative to the subject of the claims made in his Complaint.

"You", "Your" and "Green Tree" shall mean the Defendant, GREEN TREE SERVICING LLC, and each of your attorneys, agents, or representatives, and all other persons acting on your behalf.

2

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Document" shall mean any written, recorded, electronic, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Communication" shall mean any transfer, attempted transfer, or requests for a transfer of information between persons or entities.

"Address" shall mean the street number, city and state of subject person, business or other entity.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address of said person and the present or last known telephone number of said person.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was, but is no longer, in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. State the full name, current physical address, mailing address, telephone number, date of birth, social security number, present employer, and job title of each person answering and assisting in answering these Interrogatories, Requests for Admissions and Requests for Production of Documents and state such identification information for all individuals from whom information was obtained in preparing responses to the same.

**RESPONSE:**

3

2.      Identify each and every expert witness you intend to call at the trial of this matter, including the expert's name, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion held by the expert, a copy of the expert's curriculum vitae and copies of any and all reports prepared by the expert in anticipation of the trial of this matter which relate to the facts underlying the Complaint and/or any defenses thereto.

**RESPONSE:**

3.      Identify by name, address and telephone number each and every witness you intend to call at the trial of this matter and state, in detail, the substance of his or her expected testimony.

**RESPONSE:**

4.      Identify and produce each and every document that you intend to (or anticipate may be) introduce at the trial of this matter by any party hereto and state the manner in which each such document relates to the claims and/or allegations made in the Complaint and/or any defenses thereto.

**RESPONSE:**

5.      Identify by name, address and telephone number any person with whom you had any conversation relative to the facts underlying the Complaint and/or any defenses thereto.

**RESPONSE:**

6.      Identify and provide a copy of each and every document which, to the best of your knowledge, may relate to the facts underlying the Complaint and/or any defenses thereto.

**RESPONSE:**

7.      Identify by name, address and telephone number each and every person who you believe may have knowledge of (a) the facts and allegations contained in the Complaint; (b) any defenses to the facts and allegations in the Complaint, (c) all communications, whether written or by telephone, made to the Plaintiff and to the Plaintiff's home; (d) and all efforts to collect on the Plaintiff's alleged account; and (e) state, with specificity, the substance of such knowledge held by each such person.

**RESPONSE:**

8.      Provide the job title and last known address of the person(s) most knowledgeable regarding the following: (a) collection activities of the Green Tree; (b) communications directed by the Defendant and any of its affiliates to the Plaintiff, or any other person regarding the Plaintiff; (c) collection representatives of the Defendant who had any contact with or made any communications with the Plaintiff; (d) account managers or collection supervisors of the Defendant who dealt with, reviewed, or made recommendations concerning the Plaintiff's alleged account, or who had any contact with or made any communications to the Plaintiff or any other persons regarding the Plaintiff; and (e) the hiring, training, supervising and monitoring of collectors by the Defendants.

**RESPONSE:**

9.      Do defendants provide training to all employees, including new employees, involved in the collection of consumer accounts?  If so, describe and/or identify (a) the training content, timing, and duration; (b) all documents and audio or visual materials used in such training; and (c) each person involved in providing such training.

**RESPONSE:**

10.     Identify and describe your disciplinary policy for violating state and federal collection laws; if no such disciplinary policy exists, please state that fact.

**RESPONSE:**

11.     Identify and fully describe any system(s) you maintain or operate to record contacts of your employees with consumers or third parties in connection with the collection of consumer accounts, and your policies for operating such a system.

**RESPONSE:**

12.     Identify whether you record telephone calls with debtors and what steps are taken to preserve the recordings.

**RESPONSE:**

13.     List every communication between you or any other agent, officer, or employee of your company and the Plaintiff, members of his household, and/or other third parties, family and neighbors or the Plaintiff, stating the date of such communication, the type of communication, any assumed name(s) or alias(es) used in the communication, the address and business phone number of the author, the content of the communication, the purpose of the communication, and whether the communication was oral or written.

**RESPONSE:**

14.     List each and every insurance policy which is applicable to the Plaintiff's claims, including the amount of coverage and applicable deductible.

**RESPONSE:**

15.     Please state the current owner of the account which is the subject of this litigation, and the name and address for each entity that has purchased, been assigned or referred this account for collection.

**RESPONSE:**

16.     Identify the entity which transferred, forwarded, or assigned this debt to you.

**RESPONSE:**

17.     Identify the steps by which this account was transferred from Southern Lifestyle MFG HSG, Inc., to you.

**RESPONSE:**

18.     Identify the date this account was transferred to you.

**RESPONSE:**

19.     Identify all documentation, including contracts providing and authorizing you to take this debt from Conseco for collections.

**RESPONSE:**

20.     Identify by full name, date of birth, and last four digits of social security number the person who allegedly entered into the Installment Contract for the purchase of the Manufactured Home with Vehicle Identification Number FLFLX70A27109ST21.

**RESPONSE:**

## REQUESTS FOR ADMISSION

1.     Admit you are governed by the Fair Debt collection Practices Act.

**RESPONSE:**

2.     Admit Plaintiff's alleged debt was sold to CFN Investment Holdings as part of Conseco Financial Corp. – Alabama's 2003 filing of Chapter 11 bankruptcy.

**RESPONSE:**

3.     Admit you communicated with Plaintiff within one year of the filing of the Complaint in this action.

7

**RESPONSE:**

4.     Admit you sent letters to the Plaintiff's residence in the State of Alabama.

**RESPONSE:**

5.     Admit you undertook to collect indebtedness from the Plaintiff in the State of Alabama.

**RESPONSE:**

6.     Admit your officers, agents and employee(s) who communicated with the Plaintiff were not licensed attorneys.

**RESPONSE:**

7.     Admit your officers, agents and employees who directed letters to the Plaintiff were not licensed attorneys.

**RESPONSE:**

8.     Admit you sent collection letters to the Plaintiff dated February 15, 2012 and February 28, 2012.

**RESPONSE:**

9.     Admit the Plaintiff's undersigned attorneys sent a letter dated March 7, 2012 that directed you to cease communications with the Plaintiff.

**RESPONSE:**

10.    Admit you sent a collection letter to the Plaintiff dated July 31, 2012.

**RESPONSE:**

11.    Admit in the February 15, February 28, and July 31 letters you state: "This communication is from a debt collector."

**RESPONSE:**

8

12.     Admit the Plaintiff did not enter into an Installment Contract for the purchase of a manufactured home with Vehicle Identification Number FLFLX70A27109ST21.

**RESPONSE:**

## **REQUESTS FOR PRODUCTION**

Produce the following:

1.     The original file, including original file folder, all memoranda, statements, letters, notations, reports, reports of telephone calls, records of all calls, or other written memoranda, and all communications in your files concerning or pertaining to the Plaintiff, in whatever form the name is reflected in your records.

**RESPONSE:**

2.     Any and all collection training materials, manuals, written procedures and instructions utilized by yourself for the three (3) years prior to the filing of the lawsuit herein which in any way relate to the collections of accounts.

**RESPONSE:**

3.     Any and all documents, written statements or reports, records of any kind in your possession which relate to the collection of any alleged debt from the Plaintiff.

**RESPONSE:**

4.     Any and all interoffice communications concerning, relating to, or pertaining to the Plaintiff.

**RESPONSE:**

5.     Any and all documents, tape recordings, computer notes, logs, letters, and any other documents or records reflecting attempts to collect sums of money from the Plaintiff.

**RESPONSE:**

6.    A copy of any and all documents which you allege create an obligation by the Plaintiff for the account which you were attempting to collect.

**RESPONSE:**

7.    Any and all letters, phone logs, and documents between you and any other person or persons or entity regarding the Plaintiff and collection of an alleged debt.

**RESPONSE:**

8.    A list of all your officers, supervisors and employees who engaged or assisted in the collection of the alleged debt from the Plaintiff.  Include the title and/or job description for each individual.

**RESPONSE:**

9.    All manuals, guidelines, instructional literature or other documents relating to the maintenance of policies, and/or procedures you adopted to avoid any violation of a person's right to privacy or the Fair Debt Collection Practices Act.

**RESPONSE:**

10.    Copies of any and all documents which evidence or govern the agreement between you and the original creditor and/or current owner of the account for which you attempted to collect from the Plaintiff.

**RESPONSE:**

11.    Copies of any and all documents which evidence or govern the multiple transfers that resulted in this alleged debt being transferred from Southern Lifestyle MFG HSG, Inc., to you.

**RESPONSE:**

12.     A true and correct copy of each of the personnel, payroll, and training files of your officers, supervisors and employees that has ever spoken to or communicated with the Plaintiff.

**RESPONSE:**

13.     Copies of litigation filed against you in the past three (3) years alleging violations under the Fair Debt Collection Practices Act, negligence and wantonness with regard to collection of debts, invasion of privacy, intentional infliction of emotional distress, and/or negligent and/or reckless training, supervision, and retention of employees with respect to collection efforts.

**RESPONSE:**

14.     A copy of each and every document recognizing, naming, or in any way memorializing that the collectors who handled this account received any monthly or daily prizes and awards, i.e., collector of the most gross dollars, etc.

**RESPONSE:**

Respectfully submitted,

MARK D. RYAN, P.C.

*s/ A. Shane Weldon*
MARK D. RYAN (RYA009)
A. SHANE WELDON (WEL045)
Attorneys for Plaintiff
Post Office Box 1000
Bay Minette, Alabama 36507
mdrcourt@mryanlaw.com (for court notices only)
(251) 580-0500

**TO BE SERVED WITH THE COMPLAINT.**

11

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 8/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>**05-CV-2012-901169.00** |
|---|---|---|

☐ **ORIGINAL**   IN THE CIVIL COURT OF BALDWIN, ALABAMA   ☐ **ORIGINAL**
JOHN SALTER V. GREEN TREE SERVICING LLC

**NOTICE TO:** GREEN TREE SERVICING LLC, 345 ST. PETER STREET, ST. PAUL, MN 55102

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY Mark D. Ryan

WHOSE ADDRESS IS PO Box 1000, Bay Minette, AL 36507

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   **JOHN SALTER**
pursuant to the Alabama Rules of the Civil Procedure

| 9/7/2012 1:42:48 PM | /s JODY WISE CAMPBELL | |
|---|---|---|
| **Date** | **Clerk/Register** | **By** |

☑ Certified mail is hereby requested   /s Mark D. Ryan
Plaintiff's/Attorney's Sign

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Co _____ In _____

| **Date** | **Server's Signature** |
|---|---|

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₂

**O F F I C I A L   U S E**

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To ____
Street, Apt. No.,
or PO Box No. ____
City, State, ZIP+4 ____

PS Form 3800, August 2006      See Reverse for Instructions

7011 3500 0000 4221 1668

05-CV-2012-
JOHN SALTER V. GREEN TREE SERVICING LLC

**C001 - JOHN SALTER**
Plaintiff

v.   **D001 - GREEN TREE SERVICING LLC**
Defendant

05-CV-2012-901169.00 D001

**SERVICE RETURN**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Green Tree Servicing, LLC
345 t. Peter Street
St. Paul, MN 55102

CV-12-901169 (0001)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

SEP 14 2012

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0000 4226 1668

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

ST PAUL MN

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

JODY WISE CAMPBELL
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL  36507

CIRCUIT COURT, AL
BALDWIN COUNTY, AL
FILED
SEP 17 2012
JODY W. CAMPBELL
CIRCUIT COURT CLE