IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN SALTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-631-N |
| | ) | |
| GREEN TREE SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER[1]

This matter came before the court for oral argument on February 26, 2013 on

defendant's Motion to Compel Arbitration (doc. 4).  Present at the hearing were  Lee

Webb, Esq., for the plaintiff and Austin Huffaker, Esq.,  for the defendant.  Upon

consideration of the defendant's motion and supporting brief (doc. 5), plaintiff's

Response (doc. 10) and defendant's reply (doc. 11) as well as the arguments made by

counsel, the undersigned finds that the motion to compel is due to be granted.

BACKGROUND

This action was filed in the Circuit Court of Baldwin County, Alabama, on

September 7, 2012 and removed to this court on October 4, 2012 (doc. 1).  The

Complaint raises claims for violation of the Fair Debt Collection Practices Act and

various state law tort claims.  Shortly after removal, defendant filed its Motion to Compel

---

[1] The parties subsequently filed a Consent to the exercise of jurisdiction by a Magistrate
Judge (doc. 23), and the action has been referred to the undersigned for all purposes (doc.
24).

Arbitration (doc. 4).[2]  The Motion contained a request for stay of all proceedings, including discovery.  Doc. 4 at 7.

The original financing agreement between the parties was entered on March 19, 1999, in connection with plaintiff's purchase of a mobile home.  On March 29, 2001, Green Tree filed suit in Baldwin County Circuit Court for breach of the contract; Salter brought counterclaims in that action.  Salter states (doc. 10 at 2) that Green Tree acknowledged that he was not in breach and dismissed its claims; plaintiff's counterclaims remained pending and the court entered a preliminary injunction against continued collection efforts by Green Tree.

On March 23, 2003, Green Tree filed a Suggestion of Bankruptcy in the Circuit Court action, referring to its bankruptcy proceedings in the Northern District of Illinois. Plaintiff voluntarily surrendered the mobile home on June 9, 2004, and defendant filed a Motion in the Circuit Court to dissolve the preliminary injunction.  The filing showed that the subsidiary company holding Salter's note had been sold to a third party as part of the bankruptcy and that Salter's counterclaims had been discharged by the bankruptcy court.  The Circuit Court granted the motion on April 20, 2004, dismissing plaintiff's counterclaims "because the underlying claim was discharged in bankruptcy."[3] Defendant has offered evidence that the current defendant owns the installment contract.

---

[2]  Defendant filed its Answer (doc. 19) on February 25, 2013, the day before oral argument was to be held on the motion to compel arbitration.

[3]  This appears to be where Salter got the idea that the Circuit Court had held that the underlying debt had been discharged by the Illinois Bankruptcy Court.  It *appears at least as likely* that this entry referred to Salter's counterclaims rather than to the installment loan contract as having been discharged.  To the extent that plaintiff seeks to use this language to claim that *res judicata* establishes that there was no longer a valid debt, or that defendant is barred by judicial estoppel from claiming that there was a valid debt, the court finds that argument to be unsupported by the evidence offered to date.

Approximately 8 years later, in February 2012, Green Tree again began sending collection letters to plaintiff concerning the alleged debt.  Plaintiff hired counsel who sent a letter denying the debt and demanding that Green Tree cease collection efforts.[4] Another collections letter was sent to plaintiff on July 31, 2012, and Salter maintains that he also received repeated phone calls from Green Tree attempting to collect the purported debt.  Plaintiff eventually changed his telephone number, and filed the instant suit in Baldwin County Circuit Court.  The action was removed to this court where Green Tree filed the instant Motion to Stay and to Compel Arbitration.

ANALYSIS

*Proper Forum*

The FAA mandates the enforcement of an arbitration clause unless it is invalid "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2.  Defendant asserts that, pursuant to Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967) and its progeny, the issue of whether or not plaintiff's suit is arbitrable is an issue to be considered by the arbitrator.  Plaintiff argues that this court is the proper forum to decide whether there is an enforceable arbitration agreement covering this action.

While federal policy favors arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960). Accordingly, "[t]he question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination

---

[4] Though no evidence was offered on this point, defendant's counsel stated during oral argument that defendant had been unable to locate a copy of the letter.

3

[u]nless the parties clearly and unmistakably provide otherwise.' " Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting AT & T Tech., Inc. v. Commn's Workers of Am., 475 U.S. 643, 649 (1986)).  Issues to be decided by the court "include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003). "[I]f the validity of the agreement to arbitrate is in issue, a district court, not a panel of arbitrators, must decide if the arbitration clause is enforceable against the parties."  Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992).

As a general rule, when considering these "gateway issues," a court "may consider only issues relating to the making and performance of the agreement to arbitrate," and not issues relating to the making of the contract generally. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967); John B. Goodman Ltd. P'ship v. The Constr. Co., 321 F.3d 1094, 1095-96 (11th Cir. 2003).

> First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts.

Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006).

Arguments concerning arbitrability of disputes can readily devolve into circular arguments.  See e.g. Buckeye Check Cashing, 546 U.S. at 448 n.3 (a limited reading of 'contract' as applying only to "legal" contracts leads to a "bewildering circularity.").  The Supreme Court thus has decreed that questions of the validity of the contract as a whole are to be decided by the arbitrator, and that challenges specifically to the enforceability of

the arbitration clause are to be decided by the court.  <u>Id.</u>, at 445-46; <u>Prima Paint</u>, at 403-04.

The 'savings clause' of section 4 of the FAA, 9 U.S.C. §4, provides that "upon being satisfied that the <u>making of the agreement for arbitration</u> or the <u>failure to comply therewith</u> is not in issue, the court shall make an order directing the parties to proceed to arbitration… ."  (emphasis added).  This formulation has been incorporated into various decisions compelling arbitration.  *See e.g.* <u>AT&T Mobility LLC v. Concepcion</u>, --- U.S. ----, 131 S.Ct. 1740 (2011).  Neither exception applies clearly to this action.  It is uncontested that plaintiff and defendant entered into a contract that included an arbitration clause.  There is no claim that the original contract or the arbitration clause contained therein was not valid when in force.

A valid distinction might be drawn between claims that the contract was void, as would be raised in a fraud in the inducement or unconscionability claim, and that it became unenforceable by operation of law with the passage of time.  However, no such exception has been created for statute of limitations issues.[5]  Indeed, the Supreme Court rejected the argument made by Justice Black in his dissent to <u>Prima Paint</u> that the FAA "assume[s] the existence of a valid contract [and] provide[s] for enforcement where such a valid contract exists."  <u>Buckeye Check Cashing</u>, at 448 (*quoting* <u>Prima Paint</u>, 388 U.S. at 412-13 (Black, J., dissenting)).  It is presumed that arbitrators should decide "procedural questions which grow out of the dispute and bear on its final disposition" as well as "allegations of waiver, delay, or a like defense to arbitrability." <u>Howsam v. Dean Witter Reynolds, Inc</u>., 537 U.S. 79, 84 (2002) (internal quotation marks and citations

---

[5]  This action is unusual, raising as it does only tort claims and thus not relying on existence of contract.  Many published cases involve contract claims—and thus reliance on the validity of the contract—by both parties.

omitted); *see* W.G. Yates & Sons Const. Co. v. Ard Contracting, Inc., 2008 WL 942027 at *4 (M.D.Ala. April 07, 2008) (limitations is procedural issue for arbitrator).

Plaintiff claims that enforcement of the contract as a whole was barred by the Alabama six-year statute of limitations,[6] § 6-2-33, Code of Alabama 1975, but plaintiff makes no claim that the arbitration clause was separately invalid.  It is without question that the contract was subject to the applicable statute of limitations: plaintiff did not waive application of the statute of limitations and the parties did not intend to agree to forever arbitrate any and all claims that might ever arise between them.  Nonetheless, that argument applies to the contract as a whole.  The court finds that the plaintiff's statute of limitations objection to arbitration is a matter to be decided by the arbitrator in the first instance.

Agreement to Arbitrate Particular Claim

Plaintiff further argues, based upon the decision of the U.S. District Court for the Northern District of Alabama in Hunt v. 21st Mortgage Co., 2012 WL 3903783 (N.D.Ala. Sept. 2, 2012), that plaintiff's FDCPA and state tort claims are not within the scope of the arbitration provision.  Hunt involved an issue of whether a particular counterclaim was permissive or compulsory; the mere fact that the counterclaim involved an FDCPA claim does not change the issue presented into one relevant to the issue presented by the instant action.  Plaintiff's reliance on certain language in that decision is misplaced.

---

[6] The court does not here make a determination of the merits of plaintiff's claim that the contract is barred by the statute of limitations.  Defendant has not admitted or denied the running of the statute of limitations, either in its Answer, its motion, its briefs or at oral argument, other than to state that plaintiff has not offered adequate proof.  Plaintiff voluntarily surrendered the collateral for the loan to defendant in 2004, and it appears that defendant may have accelerated the loan at or near that point.  Cf. Williams v. Williams, 497 So.2d 481 (Ala. 1986) (lender's *unexercised* option to accelerate loan does not start limitations period).

As noted by defendant, the arbitration clause at issue has a broad reach; collections of claimed debt under the contract is clearly within the scope of the clause, which requires arbitration of "all disputes, claims or controversies arising from or relating to" the installment contract, or "to the parties thereto."  Doc. 4, para. 14 of Ex. A. Further, the issue of enforceability of the debt is central to plaintiff's arbitration arguments, as well as to the question of whether plaintiff still owes the funds at issue. The court holds that the claims made in this action are within the scope of the arbitration clause.

<u>Conclusion</u>

For the foregoing reasons, it is hereby ORDERED that defendant's Motion to Compel Arbitration is GRANTED, and that this action is STAYED pending completion of arbitration.

DONE this the 14th day of March, 2013.


/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE